IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 2, 2019

**BENIGO CRUZ v. SHERMAN BYRD**

**Appeal from the Circuit Court for Hamilton County**
**No. 17-C-1099        L. Marie Williams, Judge**

———————————————————

**No. E2019-00444-COA-R3-CV**

———————————————————

This is an appeal regarding the breach of a lease agreement between Mr. Cruz, the landlord, and Mr. Byrd, the tenant. Mr. Cruz initiated this action against Mr. Byrd because he did not pay any rent for the term of the lease. Mr. Byrd argued that he was not obligated to pay rent because the lease was rendered void and unenforceable upon discovery of a city ordinance that prohibited the intended use of the Property. We disagree. There was no evidence, and Mr. Byrd did not assert, that Mr. Cruz took any action that would violate the agreement; he was able to exercise his right to occupy the Property for the entire term of the lease. Therefore, the lease was enforceable. Furthermore, the lease provided Mr. Byrd a right to terminate if the designated use of the Property was prohibited by law; he did not invoke this remedy. Thus, Mr. Byrd was obligated to pay the rent owed under the lease. Finding no error in the trial court's decision, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and ARNOLD B. GOLDIN, J., joined.

W. Gerald Tidwell, Jr., Chattanooga, Tennessee, for the appellant, Sherman Byrd.

R. Dee Hobbs, Chattanooga, Tennessee, for the appellee, Benigo Cruz.

**MEMORANDUM OPINION[1]**

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no

# I. Procedural Background

Sherman Byrd ("Defendant") entered into a one-year lease agreement with Benigo Cruz ("Plaintiff") for commercial property located at 121-A Honest Street, Chattanooga, Tennessee ("the Property"), on November 24, 2015. The lease term began on February 24, 2016, and ended on February 24, 2017; the total annual rent was $60,000.00, payable in monthly installments of $5,000.00, and Defendant paid a $15,000 security deposit. The lease provided that Defendant would use the Property as a nightclub and performance hall, comply with city and county licensing laws, and accept the Property "as is"; at issue in this case is a provision that gave Defendant the right to terminate the lease with thirty (30) days written notice if the intended use of the Property was prohibited by any law or ordinance.

Because the Property was next to an adult entertainment club, a city ordinance would not allow Defendant to receive a license to sell beer; consequently, he did not operate the nightclub, although he occupied the Property for the term of the lease. Defendant did not pay rent, and on January 19, 2017, Plaintiff filed a detainer warrant in Hamilton County General Sessions Court, seeking possession of the Property, all unpaid rent, and restitution for damages to the Property. At a hearing on February 6, Plaintiff was awarded possession of the Property; a separate hearing to address damages was held on August 8, and the final order was entered on September 12, 2017. The order allowed Defendant to recover certain items from the Property; held that Plaintiff was not entitled to unpaid rent; and that Plaintiff could offset any damages to the Property caused by Defendant with the security deposit currently held by Plaintiff.

Defendant timely appealed to Hamilton County Circuit Court and trial was held on October 31, 2018. On December 6, the court granted Plaintiff judgment for $113,692 for unpaid rent, damage to the roof, a water bill, city and county taxes, and attorney's fees. Pertinent to the issues in this appeal, the court held:

> The Court finds [Defendant] was well aware of the condition of the premises and specifically agreed to rent the building in its as is condition and subject to the existing ordinances. He agreed to comply with all licensing laws. . . .
> * * *
> Defendant contends there is no obligation for rent because the plaintiff materially breached the lease agreement because there was in existence a City ordinance that prevented the defendant from getting a beer

precedential value. When a case is decided by memorandum opinion it shall be designated a "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

license. The Court finds this interpretation of the contract would require a finding for the premises to be used as a nightclub and performance hall, alcohol would be served.  Further, the lease provides a remedy for the prohibition by law of a designated use of the premises. That remedy is the right of the tenant to terminate the lease by giving 30 days notice. This remedy was never invoked. . . . The Court does not find this clause can be read into the contract. Accordingly, the Court finds this is an enforceable contract rent is owed by defendant to plaintiff for one year.

The court held that all credibility issues weighed in favor of Plaintiff. [2]

Defendant appeals, raising the following issue:

Whether the circuit court erred in finding the lease an enforceable contract where a city ordinance made the intended and listed use of the property impossible or impractical.

## II. Standard of Review

Review of the trial court's findings of fact is *de novo* upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 188 S.W.3d 632, 635 (Tenn. 2006). Review of the trial court's conclusions of law is *de novo* with no presumption of correctness afforded to the trial court's decision.  *See Kaplan*, 188 S.W.3d at 635.

There is no transcript of the proceedings in the record on appeal.  Defendant initially filed a statement of the evidence in accordance with Rule 24(c) of the Tennessee Rules of Appellate Procedure; this was objected to by Plaintiff, who also filed a statement.  The differences between the statements were settled by the trial court in accordance with Rule 24(e), and the facts necessary to resolve this appeal are not disputed.

---

[2]  In addition to holding that the lease was an enforceable contract, the court made the following findings in support of the judgment against Defendant for damage to the roof, the water bill, and city and county taxes: the court found that modifications were made to the Property; that the lease provided that any improvements to the Property would be at the expense of the Defendant; and that Plaintiff was more credible than Defendant and had satisfied the burden of establishing that the damage to the roof was done by Defendant or his agents. Upon our review, we conclude that the court's judgment is supported by the record. The lease expressly provided that Defendant was responsible for the payment of utilities, taxes, and any improvements to the Property; he does not dispute these provisions on appeal.

## III. Analysis

Defendant argues that the court erred in holding that the lease was an enforceable contract when a city ordinance, preventing him from obtaining a beer license, made him unable to operate the Property as a nightclub. He contends that Plaintiff materially breached the lease, which warranted that the "uses of the leased premises [were] not prohibited" by any law or ordinance, and, thus, is not entitled to any rent for the Property.

The lease allowed Defendant to occupy the premises without paying rent from November 14, 2015, to February 23, 2016, in order to renovate the Property. Defendant testified that, over that period of time, he spent over $50,000 on renovations to the building, including the HVAC ductwork, bathroom renovations, and other general renovations; that on January 7, 2016, he applied for a beer license and learned he could not receive one because of the city code provision. He testified that he had been in the nightclub business for forty years and had previously leased the Property as a non-alcoholic venue for teens; that he decided to open a teen club to try to recover some of the money he had invested into the Property, but that he lacked the $25,000 necessary to complete the installation of the HVAC units; and that he asked Plaintiff to pay for the units, and that Plaintiff refused his request.

We do not agree that the lease was not enforceable or that Defendant did not have to pay rent because he could not get a beer license. As noted in *Merwin v. Davis*:

> An enforceable contract is an agreement that results from a meeting of the minds in mutual assent to the terms, is based upon sufficient consideration, is free from fraud or undue influence, is not against public policy, and is sufficiently definite to be enforced. *See Thompson v. Hensley*, 136 S.W.3d 925, 929–30 (Tenn. Ct. App. 2003) (citing *Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.*, 102 S.W.3d 621, 635 (Tenn. Ct. App. 2002)).

*Merwin v. Davis*, No. E2016-00508-COA-R3-CV, 2017 WL 935107, at *2 (Tenn. Ct. App. Mar. 9, 2017). Defendant does not argue that the above factors that make a contract enforceable were not met with respect to the lease and, upon our review, we fail to discover any evidence of any fact or condition that would make the lease unenforceable. The obligations under the lease, including the obligation to pay rent, were not conditioned on whether or not Defendant obtained the beer license; moreover, as noted by the trial court, there was no provision in the lease that alcohol necessarily would be served.

We also disagree with Defendant's argument that his performance under the lease was impossible or otherwise excused because he did not receive a beer license. The lease stated that defendant "will comply with all city and county licensing laws"; Plaintiff testified that this provision had been handwritten into the lease because he had no

knowledge of the nightclub business and relied on Defendant's knowledge and experience. Defendant testified that he had operated the building as a teen club previously, without selling alcohol, and that he did not know that a city ordinance would prevent him from obtaining a beer license. The court found all credibility issues to weigh in favor of Plaintiff, a finding we afford great deference.[3] Significantly, despite not receiving the beer license, Defendant did not avail himself of the opportunity to terminate the lease on 30 days' notice; rather, he remained in possession of the premises.

## IV. Conclusion

For the foregoing reasons, Defendant was obligated to pay rent during the time he was in possession of the premises; we affirm the judgment of the trial court in all respects.

_____
RICHARD H. DINKINS, JUDGE

---

[3] In this regard, we note that the trial court included in the Statement of the evidence that:

> The property had been used as a nightclub in the past and had been leased by the defendant. The defendant told the plaintiff he "had a lot of connections downtown" and could get the necessary licenses and he was working on it.